## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

            **v.**                **CRIMINAL NO.** 10-232 (FAB)

JUAN BRAVO-FERNANDEZ [1],
HECTOR MARTINEZ-MALDONADO [2],

    **Defendants.**

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On November 15, 2010, defendants Bravo and Martinez filed the following motions:  (1) joint discovery status report and motion to compel discovery;  (2) joint motion to strike surplusage; and (3) joint motion for a bill of particulars.  (Docket Nos. 94, 91 and 92.)  On November 24, 2010, the government filed oppositions to all of defendant's motions.  (Docket Nos. 104, 105 and 106.)  For the reasons described below, all three of defendants' motions are **DENIED.**

## DISCUSSION

### I.   MOTION TO COMPEL DISCOVERY

Defendants move to compel discovery based on the requests they have submitted to the government through numerous discovery

Criminal No. 10-232 (FAB)                                                2

letters.    In  their  motion,  defendants  fail  to  mention  the
Scheduling  Order  approved  by  this  Court  on  September  10,  2010,
which  outlines  deadlines  for  various  forms  of  discovery  in  this
case.   (Docket No. 51.)[1]  Many of the  discovery  requests  outlined
in  defendants'  motion  to  compel  have  been  addressed  in  the
Scheduling  Order.    Where  this  Court  has  already  established
deadlines  for  the  government  to  provide  defendants  with  certain
types  of  evidence,  it  will  not  re-visit  the  issue.[2]   As of this
date,  the  Court  has  no  reason  to  believe  that  the  government  did
not  or  will  not  comply  with  the  requirements  set  forth  in  the
Scheduling Order.  Only a handful of discovery issues remain under
defendants'  motion  to  compel,  which  the  Court  will  now  briefly
address.

    **A.    De Castro-Font Materials**

        Defendants  argue  that  they  are  entitled  to  descriptions
and  summaries  of  the  De  Castro-Font  materials  provided  to  them  by
the  government.    The  government  had  made  the  De  Castro-Font

---

    [1] The  Scheduling  Order  was  proposed  by  the  parties  (Docket
No. 49) after the  telephone  conference  held  on  September 3, 2010
(Docket No. 48).

    [2] The Scheduling Order establishes deadlines for the following
types  of  discovery,  in  addition  to  others,  that  were  addressed  in
defendants'  motion:    Rule  404(b)  evidence,  Brady/Giglio  evidence,
and  Jencks  evidence.    The  Court  defers  to  the  deadlines  set  in  the
Scheduling  Order  for  production  of  this  discovery.

materials available for review to defendants since July 8, 2010.
(Docket No. 106 at 4.)   Defendants claim that their request for
production of De Castro-Font materials falls within the universe of
Brady and Giglio materials that the government is obligated to
provide to defendants.   The government has already provided those
materials to defendants.   Defendants' argument that "in light of
the significant volume of documents and recordings relating to the
former De Castro-Font investigation, due process requires that the
government produce summaries and logs of the various recordings" is
unsupported by any case law in defendant's brief.   In fact, the
Court believes that the government has satisfied its obligations
under Brady, Giglio and their progeny by making the universe of
information available to defendants more than four months before
defendants' motion was filed.   Indeed, it is the responsibility of
defendants' counsel, not the government, to review the universe of
information and determine the responsiveness of the evidence.

## B.   Transcripts and Translations

Defendants also claim that they are entitled to
transcripts and translations of the foreign language documents.
Defendants acknowledge that the government has thus far provided
defendants with translations and transcripts of documents it has
designated for use at trial.   (Docket No. 94 at 13.)   Nevertheless,

Criminal No. 10-232 (FAB)                                                    4

defendants argue that they are entitled to translation of all the
De Castro-Font materials the government has provided.  Defendants
cite no appropriate legal support for this proposition, and, in
fact, the First Circuit cases to which they cite hold only that the
government is obligated to provide translated transcripts that it
intends to submit to the jury to defense counsel "in adequate time
before trial".  U.S. v. Flecha-Maldonado, 373 F.3d 170, 177 (1st
Cir. 2004); see also U.S. v. Morales-Madera, 352 F.3d 1, 7-8 (1st
Cir. 2003).  The Court believes that the government has satisfied
its duty to provide translated materials that it intends for use at
trial to defense counsel - defendants have not cited to any legal
support that entices the Court to compel the government to provide
any further translations.

     **C.**    **Continuing Production under Brady, Giglio and Rule 16**

Defendants assert their right to ongoing release of
information that falls under Rule 16, Brady, Giglio and their
progeny, noting that "[i]t appears that the government has not
fully satisfied its affirmative obligations" to provide these
materials to defendants.  (Docket No. 94 at 12.)  Based on the
discovery letters submitted by defendants, it appears to the Court
that the government has made the relevant information readily
available to defendants.  In addition to the July 8, 2010

production, the government also sent defendants a discovery package

on November 12, 2010.  (Docket No. 95, Exhibit E.)  The government

appears to be aware of its continuing legal obligations to provide

Brady/Giglio/Rule 16 discovery and defendants have not indicated

that the government has not been responsive in providing discovery

in accord with the Court's Scheduling Order.  Thus, at this time,

the Court need not order the government to provide any additional

discovery aside from what the Court has already ordered in its

Scheduling Order and to which the government has already agreed in

its correspondence with defendants.[3]  Defendants' motion to compel

discovery is **DENIED.**

## II.  MOTION TO STRIKE SURPLUSAGE

Defendants request the Court to strike surplusage from the

indictment pursuant to Federal Rule of Criminal Procedure 7(d).

The purpose of the rule is "to protect the defendant against

immaterial or irrelevant allegations in an indictment which may be

prejudicial."  United States v. El-Silimy, 228 F.R.D. 52, 58-60

---

[3] In its discovery letter to defendants' counsel dated
November 12, 2010, the Government agreed to assess what it
possesses that is responsive to defendants' request for "recording
logs and/or summaries of the telephone conversations related to the
De Castro-Font investigation, as well as any transcripts and
translations that were generated."  (Docket No. 95, Exhibit E
at 2.)

(D.Me. 2005) (citing United States v. Fahey, 769 F.2d 829, 841-42 (1st Cir.1985)); see also United States v. Lewis, 40 F.3d 1325, 1346 (1st Cir. 1994).   "Language in the indictment which is information the government, in good faith, intends to properly prove at trial cannot be stricken as surplusage, no matter how prejudicial it may be."   El-Silimy, 228 F.R.D. at 59 (internal citations omitted).   The decision to strike language from the indictment "rests in the sound discretion of the district court." Lewis, 40 F.3d at 1346.   Because the standard to strike surplusage is so exacting, courts have interpreted it narrowly and "alleged surplusage is rarely stricken."   U.S. v. Sawyer, 878 F.Supp. 279, 294 (D. Mass. 1995) (internal citations omitted).

Specifically, defendants ask the Court to strike the following language from the indictment:  (1) the description of a Senator's duties and a Senator's oath of office; (2) the use of the words "solicit" and "demand" in Paragraphs 16(b), 20(a), 77(a) and 85; (3) the allegation that concealment was a purpose of the conspiracy; and (4) identification of "Person A" as "a close friend and professional mentor of defendant Martinez."   The Court addresses each of these requests independently.

First, the inclusion of a Senator's duties and oath of office are directly related to the substantive crimes with which defendant

Martinez is charged in this case.  Specifically, defendant Martinez is charged with bribery concerning programs receiving federal funds under Title 18, United States Code § 666, a crime that is materially connected to his status as a Commonwealth Senator.  The Court does not find that inclusion of a Senator's duties and oath of office are prejudicial or irrelevant.

Second, the use of the words "solicit" and "demand" in the indictment are in reference to the alleged violation of Title 18, United States Code § 666, Section (a)(1)(B).  The language in the indictment tracks the exact language of the statute, thus, the language is necessary and relevant to explain the crimes charged in the indictment fully.

Third, the allegation that concealment of the crime was a purpose of the conspiracy is both material and relevant to the government's conspiracy claim.  As the Court explained in its opinion denying defendants' motion to dismiss paragraphs 68-73 of the indictment, the alleged action taken by defendant Bravo and De Castro-Font to conceal the conspiracy qualifies as an overt act done in furtherance of the main criminal objectives of the conspiracy. (Docket No. 131.)  Because defendant Martinez is being charged as a co-conspirator, and the government has shown a good faith intent to prove the existence of a conspiracy that involved

both defendants at trial, the acts described are not surplusage and will not be stricken from the indictment.   See El-Silimy, 228 F.R.D. at 59 (internal citations omitted).

Fourth, the identification of "Person A" as "a close friend and professional mentor of defendant Martinez" is not, as defendants suggest, an attempt by the government to vouch for the credibility of a witness.  (See Docket No. 91 at 5.)  Defendants cite to a First Circuit case which held that vouching, the practice "of a prosecutor affirming a personal belief in the veracity of a government witness", is prohibited.  U.S. v. Flores-De Jesus, 569 F.3d 8, 18 (1st Cir. 2009).  While defendants have accurately stated the law with respect to vouching, there is no indication that the government has "vouched" for "Person A" by simply identifying him as a close friend of defendant Martinez in the indictment, an allegation that the government intends to prove at trial.

## III. MOTION FOR A BILL OF PARTICULARS

Defendants move for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).  "The purpose of a bill of particulars is to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy."

U.S. v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989).  The decision to grant or deny a defendant's motion for a bill of particulars is in the discretion of the district court.  Id.

Defendants request a bill of particulars for the following information:  (1) the identity of unknown persons and entities with whom defendants Martinez and/or Bravo allegedly conspired or interacted; (2) a more detailed description of what acts defendants Bravo and Martinez, and De Castro-Font, performed in furtherance of the alleged conspiracy; (3) the identity of the federal benefits in excess of $10,000 and transactions of $5,000 or more; and (4) a more detailed description of certain phrases and terms in the indictment.  The government claims, and defendants do not dispute, that they have provided defendants with information regarding the identity of unknown persons and identities in a letter dated July 21, 2010.  Thus, defendants' request for this category of information is moot.

Even on the merits of defendants' claims, however, the Court finds that a bill of particulars is not warranted in this case.  As the Court found in its opinion denying defendants' motions to dismiss, the indictment is sufficient because it informs defendants as to the charged offenses and enables them to plead an acquittal or conviction in bar of future prosecutions for the same offense. (See Docket No. 131 at 4 (citing Hamling v. United States, 418 U.S.

87, 117 (1974)).)  The indictment details various actions allegedly taken by defendants to participate in a bribery and conspiracy scheme.  The indictment also tracks the language of the federal programs bribery statute (18 U.S.C. § 666) in alleging that the "Commonwealth of Puerto Rico was a State Government which received federal assistance in excess of $10,000" and that Bravo, Martinez and De Castro-Font engaged in a "series of transactions of the Puerto Rico government valued at more than $5,000."  (Docket No. 1 at 22.)  As for the final category of information requested, the Court notes that "[a] bill of particulars is not a tool of discovery, and its purpose is not to obtain disclosure of evidence, witnesses to be offered at trial, or the government's legal theories."  U.S. v. Stryker Biotech, LLC, No. 09-10330, 2010 WL 2900684, at *3 (D.Mass. Jul. 21, 2010) (internal citations omitted). The Court finds that because the charges facing defendants have been clearly outlined and explained in the indictment, and because the government has made ample discovery available to defendants, defendants are not entitled to a bill of particulars.  Defendants have not met their burden of showing that a denial of their request would "lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation."  Id. at *4

(internal citations omitted).  Therefore, defendants' request for a bill of particulars is **DENIED**.

**CONCLUSION**

For the reasons discussed above, defendants' motion to compel discovery is **DENIED**; defendants' motion to strike surplusage is **DENIED**; and defendants' motion for a bill of particulars is **DENIED**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, January 26, 2011.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
United States District Judge