**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    **Plaintiff,**

           **v.**                  **CRIMINAL NO.** 10-232 (FAB)

JUAN BRAVO FERNANDEZ and
HECTOR MARTINEZ MALDONADO,

    **Defendants.**

**OPINION AND ORDER**

BESOSA, District Judge.

On April 5, 2011, defendants filed a joint motion for a new trial and the recusal of the undersigned for future proceedings. (Docket No. 477.)  The government filed its opposition to defendants' joint motion on May 9, 2011.  (Docket No. 483.) Defendant Martinez filed a supplemental motion on May 11, 2011 (Docket No. 484), both defendants filed replies (Docket Nos. 488 and 489), the government filed a sur-reply (Docket No. 492) and defendants filed a sur-reply to the government's sur-reply (Docket No. 495).

For the reasons expressed below, the Court **DENIES** defendants' motion for recusal.  Defendant Martinez's supplemental motion is **NOTED.**

### STATEMENT OF FACTS

Defendants move for recusal of the undersigned pursuant to 28 U.S.C. §§ 144, 455(a), 455(b)(1), and 455(b)(5)(iii).  They allege that the undersigned's impartiality is in question because in 1993, when the undersigned's wife, the Honorable Enid Martinez-Moya, was nominated to be the Attorney General of Puerto Rico by then-Governor Pedro Rossello, her confirmation was not recommended by then-Senator Freddy Valentin, who was, at the time, the Chairman of the Senate's Nominations Committee, and who later, in 1994, employed defendant Martinez.  (Docket No. 477 at 2-4.)  The Senate did not confirm Ms. Martinez-Moya.  Defendants claim that the undersigned never disclosed anything about those events, which took place eighteen years ago; that the connection between Valentin and defendant Martinez became a very important issue in the case; and that the undersigned made rulings against defendant Martinez directly involving matters concerning Valentin during trial that must now be called into question.  Id.  In the supporting affidavit filed by defendant Martinez, he admits that at the time the events between Valentin and the undersigned's wife occurred, defendant Martinez "was just 24 years old, and was not working for then-Senator Valentin and [] had nothing to do with the nomination or its review or with Senator Valentin's opposition and action."

(Docket No. 477-1 at 3.)  Defendants also allege that in the criminal case filed against former Senator de Castro-Font, the undersigned made rulings in favor of de Castro-Font because in 2005, de Castro-Font voted to confirm the undersigned's wife's nomination to the judgeship which she still occupies.  (Docket No. 477 at 2-4.)  In his supporting affidavit, defendant Martinez states that in 2005, he, as a Senator, also voted to confirm the undersigned's wife to be a Superior Court Judge.  (Docket No. 477-1 at 3.)

Defendants also challenge rulings made by the undersigned, claiming that they resulted from a bias still harbored by the undersigned towards Valentin and that bias spilled over to defendant Martinez.  Defendants identify and contest a number of issues that arose in pre-trial proceedings and during the course of trial, including the following: denying defendants' Rule 12 motion to dismiss, which allowed, in part, the government to pursue the section 666 counts against defendants; granting the government's request for an anonymous jury; questioning witnesses in front of the jury; making critical and disapproving comments towards defendants' counsel; engaging in independent legal research; finding admissible a transcript of defendant Martinez's 1999 grand jury testimony; rejecting defendants' proposed jury instructions;

and granting the government's request to provide defendant
Martinez's grand jury transcript to the United States Probation
Officers for their use in preparation of the presentence
investigation reports.  (Docket No. 477.)  The Court first
addresses the procedural requirements under 28 U.S.C. § 144, and
then moves on to a substantive analysis under both 28 U.S.C. §§ 144
and 455.

## DISCUSSION

**I.   Applicable Statutes**

**A.   28 U.S.C. § 144**

The statute reads, in its entirety:

Whenever a party to any proceeding in a district
court makes and files a timely and sufficient affidavit
that the judge before whom the matter is pending has a
personal bias or prejudice either against him or in favor
of any adverse party, such judge shall proceed no further
therein, but another judge shall be assigned to hear such
proceeding.

The affidavit shall state the facts and the reasons
for the belief that bias or prejudice exists, and shall
be filed not less than ten days before the beginning of
the term at which the proceeding is to be heard, or good
cause shall be shown for failure to file it within such
time.  A party may file only one such affidavit in any
case.  It shall be accompanied by a certificate of
counsel of record stating that it is made in good faith.

This recusal statute requires a district judge to accept
the moving party's affidavit as true, even though it may contain

averments that are false and known to be so to the judge.  In re
Martinez-Catala, 129 F.3d 213, 218 (1st Cir. 1997).  While a trial
judge may not pass upon the truth of the matters asserted in the
moving party's affidavit, a trial judge is not required to recuse
himself immediately, because the "judge *must* pass upon the legal
sufficiency of the affidavit."  United States v. Giorgi, 840 F.2d
1022, 1034-35 (1st Cir. 1988) (emphasis original).  Furthermore,
"[s]ince sections 144 and 455 of 28 U.S.C. use similar language,
and are intended to govern the same area of conduct, they have been
construed *in pari materia*, and the test of the legal sufficiency of
a motion for disqualification is the same under both statutes."
United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983).

### B.   28 U.S.C. § 455

Section 455(b)(1) provides for mandatory disqualification
when a judge "has a personal bias or prejudice concerning a party,
or personal knowledge of disputed evidentiary facts concerning the
proceeding[.]"  28 U.S.C. § 455(b)(1).  Section 455(b)(5)(iii)
provides for mandatory disqualification where a judge "or his
spouse . . . [i]s known by the judge to have an interest that could
be substantially affected by the outcome of the proceeding."
28 U.S.C. § 455(b)(5)(iii).  Section 455(a), on the other hand,
directs "[a]ny justice, judge, or magistrate judge of the United

States [to] disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Section 455(a) reaches farther than both 455(b)(1) and section 144 because it is not limited to "personal" bias or prejudice "concerning a party" and because it does not require that the movant establish bias or prejudice *in fact*.  In re Martinez-Catala, 129 F.3d 213, 220 (1st Cir. 1997) (emphasis original).  Section 455(a) requires recusal when the objective circumstances "create an *appearance* of impartiality."  Id. (emphasis original).  Dual, sometimes competing, policies underlie section 455(a).  In re United States, 666 F.2d 690, 694 (1st Cir. 1981).  First, "courts must not only be, but must seem to be, free of bias or prejudice."  Id.  Second, the section is intended to prevent litigants from obtaining "recusal on demand" that would provide them with "a veto against unwanted judges." In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001).  In the final balance, compulsory recusal requires "more than subjective fears, unsupported accusations or unfounded surmise."  In re United States, 158 F.3d 26, 30 (1st Cir. 1998).  Furthermore, "[t]he trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal."  In re United States, 441 F.3d 44, 67 (1st Cir. 2006).

Disqualification under section 455(a) occurs only where a charge of bias is supported by a factual basis and those facts "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality."  In re Boston Children's First, 244 F.3d at 167 (quoting In re United States, 666 F.2d at 695).  "While doubts ordinarily ought to be resolved in favor of recusal, the challenged judge enjoys a margin of discretion[.]"  In re United States, 158 F.3d at 30 (citations omitted).  This discretion exists because "in many cases reasonable deciders may disagree. . . ."  In re United States, 666 F.2d at 695.  Each case implicating section 455(a) is sui generis, requiring a fact-specific analysis done on a case-by-case basis.  In re Boston Children's First, 244 F.3d at 171; In re United States, 158 F.3d at 31.  Ultimately, the question for an appellate court is "not whether it would have decided as did the trial court, but whether that decision cannot be defended as a rational conclusion supported by [a] reasonable reading of the record."  In re United States, 666 F.2d at 695.

## II.  Procedural Requirements of 28 U.S.C. § 144

Courts have interpreted section 144's unusual requirement that the district judge accept the moving party's affidavit as true even though it may contain false averments known to the judge "by

insisting on a firm showing in the affidavit that the judge does have a personal bias or prejudice toward a party, and also by insisting on strict compliance with the procedural requirements of the section." In re Martinez-Catala, 129 F.3d at 218 (footnote omitted).  We start with the procedural issues outlined in section 144's second paragraph.

A.   Timeliness of Filing

Both sections 455 and 144 require that the party moving for recusal of the judge raise the issue "at the earliest moment after acquiring knowledge of the facts providing a basis for disqualification." Cordova Gonzalez v. United States, 987 F.Supp. 87, 90 (D.P.R. 1997); see also United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (noting that "a motion for recusal filed weeks after the conclusion of trial is presumptively untimely absent a showing of good cause for its tardiness."); Jones v. Pittsburg Nat. Corp., 899 F.2d 1350, 1356 (3rd Cir. 1990) (finding that a recusal motion filed after entry of an order dismissing complaint and imposing sanctions was not timely because "[a]ny other conclusion would permit a party to play fast and loose with the judicial process by 'betting' on the outcome.")  Defendants allege that the motion for recusal is timely because it was filed ten days before a "proceeding," - in this case, the sentencing

proceeding.   (Docket No. 489 at 2.) (citing United States v. Thompson, 483 F.2d 527, 529 (3d Cir. 1973)).  Thompson, however, is inapposite.  The defendant in Thompson filed his motion to recuse under section 144 "[a]bout a month before trial", seeking to disqualify the judge because of an alleged personal bias gleaned from the judge's use of discretion in his previous sentencing proceedings.  Moreover, defendants here seek the remedy of a new trial, not just a recusal from future proceedings in this case. (Docket No. 495 at 2.)  A recusal motion filed after the conclusion of trial is presumptively untimely; defendants must therefore show good cause for failure to file it within the appropriate time.

The acts that give rise to defendant Martinez's belief of bias or prejudice occurred in 1993 and have been in the public record for eighteen years.  Defendant Martinez states that he first learned that the undersigned was married to Judge Martinez-Moya prior to trial, but was "not aware of the events that occurred in 1993."  (Docket No. 477-1 at 3.)  He avers that he "started to become aware that issues concerning former Senator Valentin would be important in [this] case" around January 2011.  Id. at 3-4. Finally, defendant Martinez alleges that it was after a verdict was reached in his case that he was alerted to the undersigned's "undisclosed conflict of interest or potential conflict of interest

arising out of his wife's nomination for the position of Secretary of the Puerto Rico Department of Justice in 1993" by "a number of media outlets".  Id. at 2.

Notably, defendant Martinez does not explicitly state when he actually acquired knowledge of the relevant facts that are the basis for this motion for recusal.  Defendants argue that although they learned about the undersigned's alleged conflict of interest "after this case began", they had good cause for waiting to raise the issue until they did because they were unable to "act upon this information until they were able to verify the facts necessary to make this motion, which required receiving dated materials from the Puerto Rico Legislature."  Id. at 1, n. 1.  The Court disagrees.  Defendant Martinez's argument that he had no basis for raising the issue of recusal sooner because the undersigned never disclosed the alleged conflict and because the press did not report it until after the trial lacks merit.  (See Docket No. 489 at 2.)  The materials from the Puerto Rico Legislature which form the basis of this recusal motion have been publicly available for 18 years, and if defendant Martinez learned about the apparent conflict of interest "after this case began", there is no reason why the issue was not raised before the verdict was reached.  See United States v. Sypher, No. 09-CR-00085, 2010 WL

5393849, at *2 (W.D.Ky. Dec. 22, 2010) (denying motion for recusal as untimely and finding no good cause where defendant failed to "specifically indicate what previously unknown facts she learned, when she became aware of them, or why she waited until nearly two months after the end of her trial to bring them to light" where many of the facts had been "publicly available since the inception of her case.")  These facts, taken together, do not constitute good cause for failing to meet section 144's timeliness requirement.

**B.   Certificate of Counsel**

Section 144 also requires that the moving party's affidavit be accompanied by a certificate of counsel of record stating that it is made in good faith.  Defendant Martinez's affidavit was accompanied by a certificate provided by Mr. Abbe David Lowell, who has been admitted *pro hac vice* to practice before this Court.  (Docket No. 477-1.)  The phrase "counsel of record" in the statute has been interpreted by courts to mean "an attorney at law admitted to the bar of the court who has been counsel of record" in the case.  Currin v. Nourse, 74 F.2d 273, 275 (8th Cir. 1934); Morse v. Lewis, 54 F.2d 1027, 1032 (4th Cir. 1932); United States v. Peltier, 553 F.Supp. 886, 888-89 (D.N.D. 1982); United States v. Garden Homes, Inc., 113 F.Supp. 415, 418 (D.N.H. 1953). Thus, one may not be counsel of record unless one is a member of

the bar of the court before which the appearance is being made. _Garden Homes_, 113 F.Supp. at 418.  The rationale for this rule is that "the court, 'which has no means of protecting itself from unjustified attack, shall at least have the protection afforded by the certificate of a responsible member of the bar.'"  _Id_. (quoting _Morse_, 54 F.3d at 1032).

Mr. Lowell, admitted _pro hac vice_, is undisputedly not a member of the bar of this court.  As the government points out in its opposition to defendants' motion, this Court's Local Rules require that an attorney applying for permission to appear _pro hac vice_ must "designate a member of the bar of this Court as local counsel . . . ."  D.P.R. Loc.Civ.R. 83A(f)(1).  The Local Rules also require the attorney admitted _pro hac vice_ to "remain associated in the action with a member of the bar of this Court"; state that "[a]ll process, notices, and other papers shall be served on the attorney admitted pro hac vice and on the member of the bar of this Court"; and mandate that "attendance of the member of the bar of this Court is required at all proceedings, unless excused by the Court."  D.P.R. Loc.Civ.R. 83A(f).

While defendant Martinez has been represented throughout the course of this trial by local counsel who are members of the bar of this Court, no local counsel submitted a certificate of good

faith along with the initial motion for recusal and defendant Martinez's affidavit.   In fact, defendant Martinez filed a supplemental certification from local counsel only after the government had filed its opposition to defendants' motion for recusal noting this particular deficiency.  (Docket No. 484.)  In their supplemental certification, defendants stated that Mr. Lowell's certification was to be supplemented by local counsel, Ms. Sonia Torres-Pabon, "[i]n order to avoid unnecessary litigation over this particular procedural matter." Id. at 1.  As previously noted, courts have insisted upon "strict compliance with the procedural requirements" of section 144.  In re Martinez-Catala, 129 F.3d at 218.  Unfortunately for defendants, the initial filing of their improper certification and the untimely filing of their supplemental certification blatantly fail to comply with the procedural requirements of section 144.

**C.   Defendant Bravo's Failure to Submit an Affidavit and Certificate**

While defendants' motion for recusal of the undersigned is titled as a "joint motion", defendant Bravo's failure to submit an affidavit and his counsel's failure to submit a certification of good faith are in clear contradiction to section 144's explicit language requiring that a party alleging "that the judge before

whom the matter is pending has a personal bias or prejudice" must
file a timely and sufficient affidavit stating "the facts and the
reasons for the belief that bias or prejudice exists" to "be
accompanied by a certificate of counsel of record stating that it
is made in good faith."   Only defendant Martinez filed such an
affidavit with the joint motion, and both the certification of
Mr. Lowell and the supplemental certification of Ms. Sonia Torres-
Pabon certify that the affidavit of Hector Martinez was filed in
good faith.  (Docket Nos. 477-1 & 484-1.)  Defendant Bravo cannot
rely on these documents in support of a "joint motion" for recusal.

        Faced with that situation, defendants aver, again after
the Government's opposition alerted them of their misstep, that
"Mr. Bravo has joined the motion as to the Section 455 claims . .
. and has not joined in Mr. Martinez's Section 144 claim as he has
no personal claim of bias." (Docket No. 489 at 3 n. 1.)  Based on
this admission, it is clear that defendant Bravo also has no claims
under section 455(b)(1), which governs disqualification based on
"personal bias or prejudice concerning a party".  Moreover, as the
government correctly points out, all of defendants' section 455
claims are based on the alleged personal bias of the undersigned
against Valentin which spill over to defendant Martinez.  (Docket
No. 492 at 8.)  Defendant Bravo aims to use the broader language of

section 455(a) as a back door to join defendant Martinez's motion for recusal of the undersigned without providing any evidence of "objective circumstances" that would create an appearance of impartiality towards him.  For the reasons stated, this motion for recusal of the undersigned will only be considered as to defendant Martinez.

## III. Substantive Requirements of 28 U.S.C. §§ 144 and 455

Although the untimeliness and deficiency of defendant Martinez's motion is sufficient reason to deny the motion, the Court nevertheless addresses the merits of the motion filed pursuant to sections 144 and 455.  See Kelley, 712 F.3d at 888. While a trial judge may not pass on the truth of the matters asserted in an affidavit filed pursuant to section 144, "the trial judge must pass upon the legal sufficiency of the affidavit." Kelley, 712 F.2d at 889.  Moreover, the First Circuit Court of Appeals has held that "[s]ince sections 144 and 455 of 28 U.S.C. use similar language, and are intended to govern the same area of conduct, they have been construed in pari materia, and the test of the legal sufficiency of a motion for disqualification is the same under both statutes."  Id. at 889 (citations omitted); see also In re Kouri-Perez, 181 F.3d 79 (Table), No. 99-1215, 1999 WL 525923, at *1 (1st Cir. Feb. 26, 1999) (holding that the court "would reach

the same conclusion" that the judge was not required to recuse himself "whether applying the standard of 28 U.S.C. § 144 actually invoked by petitioner, or applying the standards of 28 U.S.C. §§ 455(a) and 455(b)(1) additionally mentioned by the district court.")

Defendant Martinez has raised three possible grounds for the undersigned's recusal:  (1) a personal bias or prejudice concerning a party, governed by sections 144 and 455(b)(1); (2) an impartiality that may reasonably be questioned, governed by section 455(a); and (3) the undersigned's spouse's alleged interest in the litigation that could be substantially affected by the outcome of the proceeding, governed by section 455(b)(5)(iii).   (Docket No. 477.)  The Court addresses each of these in turn.

## A.    Personal Bias or Prejudice under Sections 144 and 455(b)(1)

Disqualification due to personal bias or prejudice "necessitates a showing that the alleged bias or prejudice be both personal and extrajudicial." United States v. Giorgi, 840 F.2d 1022, 1035 (1st Cir. 1988). Moreover, automatic removal of a judge requires "averment of facts showing that the judge 'has' a personal bias or prejudice, not that the judge might have such a bias or prejudice or that grounds exist for further inquiry." In re

Martinez-Catala, 129 F.3d at 219.  Defendant Martinez's sole allegation regarding personal bias is that the undersigned "harbors a personal bias against Mr. Valentin due to his attacks on [the undersigned's] wife, and [the undersigned] harbors a personal bias against Mr. Martinez based on his relationship with Mr. Valentin." (See Docket No. 495 at 1-2.)  Defendant Martinez is careful not to assert that the source of the prejudice was extrajudicial, but instead claims that "[i]f he was not aware of it before the case, during pre-trial proceedings and during trial, [the undersigned] had to become aware of my close relationship with former Senator Valentin."  (See Docket No. 477-1 at 1.)

It is well-settled that "opinions formed by the judge on the basis of facts introduced or events occurring during current or prior proceedings are not grounds for a recusal motion unless they display a . . . [deep-seated] . . . favoritism or antagonism." Liteky v. United States, 510 U.S. 540, 541 (1994).  Furthermore, the First Circuit Court of Appeals has held that where the knowledge alleged by a defendant to mandate a judge's recusal was "indisputably obtained . . . during the performance of his judicial duties[,] . . . it cannot serve as a basis for disqualifying [that judge] on grounds of personal bias."  Kelley, 712 F.2d at 889-90. Here, even defendant Martinez admits that the undersigned's

knowledge of the relationship between defendant Martinez and Valentin was likely obtained during the course of these very proceedings.

Apart from his allegations that the undersigned was biased against him because of his relationship with Valentin, defendant Martinez focuses a large portion of his motion for recusal on the various rulings that were deemed unfavorable to him made by the Court during the course of the proceedings. (See Docket No. 477 at 5-7, 11-17, 19-46, 55-60.) The Supreme Court has repeatedly upheld, however, that "judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion." Liteky, 510 U.S. at 540 (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). Defendant Martinez has failed to identify any extrajudicial source of the undersigned's alleged prejudice, and, as explained below, also fails to show that any alleged prejudice was "personal".

The First Circuit Court of Appeals has held that "disqualification under section 144 and section 455(b)(1) each require determination of bias/prejudice in fact." United States v. Pandey, 979 F.2d 844 (Table), No. 91-2219, 1992 WL 348046, at *3 (1st Cir. Nov. 23, 1992) (emphasis original) (quoting United States v. Chantal, 902 F.2d 1018, 1023 (1st Cir. 1990)). The court's

decision in Pandey is illustrative here.  In that case, appellant

filed a motion to recuse the district judge assigned to his case,

alleging that the judge had a personal bias against him because

appellant had filed a complaint with the Massachusetts Board of Bar

Overseers against the judge's son-in-law approximately four years

before the motion for recusal was filed.  Id.  The judge denied the

motion, and the Court of Appeals affirmed, finding that the

district judge did not abuse "his discretion in finding that there

was no bias in fact."  Id.  Specifically, the court found that

while appellant's complaint against the judge's son-in-law was

"certainly offensive", the complaint alone, "without any resulting

action by the Board of Bar Overseers, would not appear to test the

judge's capacity for impartiality."  Id. at *4.

        In this case, defendant Martinez argues that the

undersigned has a personal bias or prejudice against him because of

defendant Martinez's relationship with Valentin, who allegedly did

not recommend that the Senate confirm the undersigned's wife for

the position of Attorney General of Puerto Rico in 1993, eighteen

years ago.  (Docket No. 477 at 1-3.)  Defendant Martinez admits he

had nothing to do with the nomination, and that he was not even

working for Valentin at the time these events occurred.[1]  Id. at 3.

Defendant Martinez maintains, however, that the undersigned's bias

against Valentin has "spilled over into this case causing serious

prejudice the to [sic] Defendants."  (Docket No. 489 at 5.)

Defendant Martinez asserts that bias and prejudice is

shown because the undersigned's treatment of issues involving

Valentin differed markedly from rulings on issues involving Jorge

de Castro-Font, a co-conspirator of defendants.  (Docket No. 477

at 4.)  The law is clear, however, that in order to require

disqualification, the alleged bias or prejudice must be "personal,

i.e. directed against a party."  Kelley, 712 F.2d at 889 (citations

omitted).  Thus, the Court evaluates defendant Martinez's claims in

the context of the alleged personal bias directed against defendant

Martinez himself, not against third parties.  Defendant Martinez

attributes this allegedly different treatment to the fact that de

Castro-Font supported the undersigned's wife's nomination to the

position of Superior Court Judge in 2005.  (Docket No. 477 at 4.)

Notably, defendant Martinez fails to admit in his initial motion,

---

[1] Though not considered by the Court to determine the truth of
his affidavit, defendant Martinez's assertion of the "close"
relationship with Valentin has even been questioned by Valentin
himself, who was interviewed by the government and "denie[d] many
of the representations contained in defendant Martinez's sworn
affidavit."  (Docket No. 492 at 20-21.)

but does mention in his affidavit, that he too voted to confirm the
undersigned's wife to be a Superior Court Judge in 2005.  (Docket
No. 477-1 at 3.)   Indeed, it is a tenuous proposition to suggest
that the undersigned would be biased against defendant Martinez
because of his relationship with Valentin for acts that occurred
in 1993, yet favor de Castro-Font and not defendant Martinez, even
though they both voted to confirm the undersigned's wife to be a
Superior Court Judge in 2005.  Defendant Martinez's assertion that
this information is "irrelevant" is completely unjustified.  (See
Docket No. 489 at 5.)   His failure to address this inconsistency
seriously undermines the strength of his argument.  In light of his
inability to explain the weaknesses outlined above satisfactorily,
the Court finds that defendant Martinez has failed to make a
showing of actual personal bias or prejudice as required under
sections 144 and 455(b)(1).

### B.    Reasonable Question of Impartiality under Section 455(a)

Section 455(a) "requires recusal even where there is no
showing of actual bias if the judge's 'impartiality might
reasonably be questioned.'" Pandey, 979 F.2d 844, at *3 (citing 28
U.S.C. § 455(a)).  Under this section, however, "a judge is not
compelled automatically to accept as true the allegations made by
the party seeking recusal.  To the extent that facts are in

dispute, factual determinations are made by the judge whose recusal

is in question, and the same judge also decides whether the facts

trigger disqualification, subject always to review on appeal,

normally for abuse of discretion."   In re Martinez-Catala, 129 F.3d

at 220 (citations omitted).   The judge must apply an objective

standard in determining whether recusal is required under section

455(a).   The judge must determine:

> [w]hether the charge of lack of impartiality
> is grounded on facts that would create a
> reasonable doubt concerning the judge's
> impartiality, not in the mind of the judge
> himself or even necessarily in the mind of the
> litigant filing the motion under 28 U.S.C. §
> 455, but rather in the mind of the reasonable
> man.

United States v. Voccola, 99 F.3d 37, 42 (1st Cir. 1996) (citations

omitted).

Additionally, the Supreme Court has held that the

"extrajudicial source" doctrine applies to § 455(a).   Liteky, 510

U.S. at 540.   Although defendant Martinez argues that the Supreme

Court "rejected" the extrajudicial source doctrine in Liteky, that

is a clear misstatement of the law.   (Docket No. 495 at 5.)   Liteky

clarifies that the "extrajudicial source" is more of a factor than

a doctrine, "because the presence of such a source does not

necessarily establish bias, and its absence does not necessarily

preclude bias." 510 U.S. at 540-41. Moreover, the Supreme Court was crystal clear in affirming its prior holding in <u>Grinnell</u> that "judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion." <u>Id</u>. (citing <u>Grinnell</u>, 384 U.S. at 583.)

The Court has already gone into extensive detail regarding defendant Martinez's claim of alleged "spillover" prejudice caused to him because of the undersigned's alleged bias toward Valentin. Defendant Martinez's argument that the undersigned was biased against him because of his relationship with Valentin for events occurring in 1993 and favored de Castro-Font because he voted to confirm the undersigned's wife to be a Superior Court Judge in 2005 is illogical and unreasonable, particularly in light of the fact that defendant Martinez also voted to confirm the undersigned's wife's nomination to the same position in 2005.

Defendant Martinez cites to a radio program, "El Show de Harold," that aired on March 10, 2011, three days after the verdict was reached, as proof that the undersigned's "appearance of impartiality has been called into question publicly". (Docket No. 477 at 2-3.) At the outset, the commentary regarding the trial on "El Show de Harold," a gossip radio program in Puerto Rico, cannot be seriously considered determinative of the voice of a

"reasonable person".  Moreover, the radio show host misstates many
of the critical facts alleged in defendants' motion.  For example,
the radio host states in part:  "the wife of Judge Besosa was
evaluated under the Administration of Hector Martinez for the
position of Judge and Hector and the [sic] Senator Freddy Valentin
recommended the non confirmation of Judge's wife."  (<u>See</u> Docket No.
477-8.)  As defendant Martinez admits in his affidavit, however, at
the time Valentin recommended that the undersigned's wife not be
confirmed in 1993, defendant Martinez "was just 24 years old, and
was not working for then-Senator Valentin and [] had nothing to do
with the nomination or its review or with Senator Valentin's
opposition and action." (Docket No. 477-1 at 3.)  Additionally, the
record is clear that Valentin's opposition to the undersigned's
wife's nomination was for the position of Attorney General in 1993,
and defendant Martinez's support for the undersigned's wife's
nomination was for the position of Superior Court Judge in 2005 -
facts that are undisputed by defendant Martinez but were clearly
misrepresented by the radio show host.  For the reasons stated
previously, the Court finds that defendant Martinez's argument
fails to show that the undersigned's impartiality can be reasonably
questioned.

Finally, defendant Martinez, citing Liteky, alleges that the undersigned's bias toward him can be ascertained by review of the Court's prior rulings in this case.  (Docket No. 495 at 5.) Dissatisfaction with a Court's rulings and case management, however, is not grounds for recusal.  See Liteky, 510 U.S. 540, 555 (1994) (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," while discussing the applicability of the extrajudicial source doctrine to section 455(a)); In re U.S., 441 F.3d 44, 65 (1st Cir. 2006) ("courts will reject what appear to be strategic motions to recuse a judge whose rulings have gone against the party"); United States v. Giorgi, 840 F.2d 1022, 1035 (1st Cir. 1988) ("the mere fact of an adverse ruling . . . or a negative determination as to credibility . . . does not – standing alone – create an inference of lack of partiality") (citations omitted); see also, e.g., S.E.C. v. Loving Spirit Foundation, Inc., 392 F.3d 486, 494 (D.C. Cir. 2004) ("we have found no case where this or any other federal court recused a judge based only on his or her rulings"); Glass v. Pfeffer, 849 F.2d 1261, 1268 (10th Cir. 1988) ("adverse rulings are not in themselves grounds for recusal"); Stone v. Baum, 409 F.Supp.2d 1164, 1175 n.5 (D.Ariz. 2005) ("*A judges' prior ruling in a case is absolutely not a basis for recusal.*")  (emphasis

original).  Thus, any discontentment that defendant Martinez may have with the Court's rulings on various motions, whether pre-trial or during the trial, does nothing to support his request for recusal.  Liteky, 510 U.S. at 555.  Furthermore, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."  Id. Defendant Martinez has failed to prove either that the Court's rulings or the undersigned's actions and statements reveal "an opinion that derives from an extra judicial source" or "such a high degree of favoritism or antagonism as to make fair judgment impossible."  Id.  (noting that "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias or partiality against a party.)  Accordingly, an objective and knowledgeable member of the public would not find a reasonable basis for doubting the undersigned's impartiality.

## C.    Spouse's Interest in the Litigation under Section 455(b)(5)(iii)

The final, and weakest, claim defendant Martinez makes in favor of the undersigned's recusal is that the undersigned's wife has an "interest" in the litigation.  (See Docket No. 477 at 51.) The argument that follows in defendants' brief, however, focuses on

the undersigned's "interest in his wife's 'reputation and goodwill'", and alleges that "the fact that the press already has called [the undersigned's] impartiality into question based on this undisclosed conflict of interest shows that an appearance of impropriety does exist." Id. at 50-52. Defendant Martinez appears to misunderstand and conflate the applicable legal standards for recusal under section 455(b)(5)(iii) and section 455(a).

As applied to the facts alleged by defendant Martinez, under section 455(b)(5)(iii), a judge must recuse himself if his spouse "is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding". The cases cited by defendant Martinez have no bearing on the facts of this case. In SCA Services, Inc. v. Morgan, the Seventh Circuit Court of Appeals granted petitioner's mandamus relief for recusal of the trial judge, finding that the judge's brother, a senior partner at the law firm representing a party in a civil action pending before the judge, had both a financial interest in the outcome of the litigation and an "interest in his and his firm's reputation and goodwill." 557 F.2d 110, 115-16 (7th Cir. 1977). Conversely, the undersigned's wife has no direct interest in the outcome of the criminal proceedings against defendant Martinez. In Public Utils. Comm'n. of D.C. v. Pollak, Justice Frankfurter

disqualified himself from a case regarding whether the use of transit radio receivers on buses were unconstitutional, because he considered himself to be "so strongly engaged as a victim of the practice in controversy" that he deemed himself unable to "participate in judicial judgment upon it", although he recognized that "on the whole judges do lay aside private views in discharging their judicial functions." 343 U.S. 451, 466-67 (1952). Neither the undersigned nor his wife harbored any feelings, let alone the passionate feeling that Justice Frankfurter felt, about either Valentin or defendant Martinez so as to mandate recusal. Finally, defendant Martinez cites to Mayberry v. Pennsylvania, in which the Supreme Court held that "a defendant in a state criminal contempt proceeding who vilified the judge during the course of the defendant's trial in the state court . . . was entitled under the Due Process Clause of the Fourteenth Amendment to a public trial before another judge." 400 U.S. 455 (1971). Defendant Martinez's assertion that comments made about the undersigned's wife eighteen years ago by a person not a party in this case caused the undersigned to harbor a spillover bias against defendant Martinez and thus should form the basis for recusal of the undersigned is a poor and desperate attempt to compare the facts of this case to those of Mayberry. All of the cases cited by defendant Martinez in

this section are inapposite, and provide no support for his claim for recusal under section 455(b)(5)(iii.)

Defendant Martinez frequently alludes to "retribution", injury to "Valentin's reputation", and protection of "honor", suggesting that the undersigned and his wife both had an interest in seeking revenge for events that occurred eighteen years ago. (See Docket No. 477 at 51-54.)  These allegations amount to little more than attacks involving an unlikely eighteen-year long conspiracy against defendant Martinez and Valentin, which are insufficient to warrant recusal of the undersigned under section 455(b)(5)(iii).  See Sensley v. Albritton, 385 F.3d 591, 600 (5th Cir. 2004) (citations omitted) ("[W]here an interest is not direct, but is remote, contingent or speculative, it is not the kind of interest which reasonably brings into question a judge's partiality.")  For the reasons stated, defendant Martinez has failed to identify any interest of the undersigned or the undersigned's wife that could be affected by the outcome of the criminal case against him.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendants' joint motion for a new trial and recusal of the undersigned for future proceedings pursuant to 28 U.S.C. §§ 144, 455(a), 455(b)(1),

and 455(b)(5)(iii).   (Docket No. 477.)   Defendant Martinez's

supplemental motion is **NOTED.**   (Docket No. 484.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 7, 2011.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
United States District Judge