```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

UNITED STATES OF AMERICA,

    **Plaintiff**,

        v.                      **Criminal No.** 10-232 (FAB)

JUAN BRAVO-FERNÁNDEZ [1],
HECTOR MARTÍNEZ-MALDONADO [2],

    **Defendants**.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is defendant Juan Bravo-Fernandez ("defendant Bravo") and defendant Hector Martinez-Maldonado ("defendant Martinez"), ("defendants")'s joint motion to disclose grand jury instructions as to counts four and five. (Docket No. 736.) Defendants seek disclosure of the legal instructions provided to the grand jury pursuant to Federal Rule of Criminal Procedure 6(e), and ultimately seek dismissal of the indictment. See Docket Nos. 734, 735, & 736. In the alternative, defendants request that the Court conduct an *in camera* review of the grand jury instructions. See Docket No. 736 at p. 8. For the reasons set forth below, the Court reserves judgment as to defendants' request to dismiss the grand jury indictment, **DENIES** defendants' request seeking disclosure of grand jury instructions, and **GRANTS**

defendants' request that the Court conduct an *in camera* review of grand jury instructions as to counts four and five.[1]

## I.   BACKGROUND

On June 22, 2010, a federal grand jury returned an indictment charging defendant Bravo and defendant Martinez with, among other criminal offenses, federal program bribery in violation of 18 U.S.C. § 666(a)(2) and 18 U.S.C. § 666(a)(1)(B).  (Docket No. 1 at ¶¶ 81, 85.)  Following a trial that lasted approximately two weeks, the jury convicted defendant Bravo of violating 18 U.S.C. § 666(a)(2) as charged in count four of the indictment, and convicted defendant Martinez of violating 18 U.S.C. § 666(a)(1)(B) as charged in count five of the indictment.[2]  See Docket No. 438.

---

[1] The Court notes that granting defendant's motion for *in camera* review of grand jury instructions as to counts four and five is based, in part, on the premise that the grand jury instructions exist.  There may be no grand jury instructions regarding counts four and five because "under federal law the prosecutor is under no obligation to give the grand jury legal instructions."  United States v. Lopez-Lopez, 282 F.3d 1, 9 (1st. Cir. 2002).  Indeed, "[c]ourts [. . .] generally have found that the prosecutor satisfactorily explains the offense to be charged by simply reading the statute to the grand jury."  4 Criminal Procedure § 15.7(g), at 450 (LaFave et al., eds., 2d ed. 1999).

[2] The jury also convicted defendants of conspiracy as charged in count one, and defendant Bravo of interstate travel in aid of racketeering, as charged in count two.  See Docket No. 438. The Court granted defendant Bravo's motion for acquittal regarding the travel act conviction set forth in count two.  United States v. Bravo-Fernandez, 828 F. Supp. 2d 441, 449 (D.P.R. 2011) (Besosa, J.). The jury acquitted defendant Martinez of the charges alleged in counts three and six of the indictment—interstate travel in aid of racketeering and obstruction of justice, respectively.  Id.  The First Circuit Court of Appeals reversed defendant Bravo's conspiracy conviction.  United States v. Fernandez, 722 F.3d 1, *39 (1st Cir. 2013).  The only counts now pending against defendants are the federal program bribery charges alleged in counts four and five.

The First Circuit Court of Appeals ultimately vacated the convictions of defendants Bravo and Martinez for violating 18 U.S.C. § 666, and remanded the case for further proceedings. United States v. Fernandez, 722 F. 3d 1, 39 (1st Cir. 2013). The First Circuit Court of Appeals held that the Court's jury instructions were erroneous because they permitted the jury to convict under a gratuity theory, stating that "[t]he government may not pursue a conviction on that ground [i.e., a gratuity theory] if Defendants are retried." Id. at p. 28. In sum, defendants cannot be convicted of federal program bribery pursuant to a gratuity theory because "the true target of § 666 are bribes, not gratuities." Id. at 26.

The government now intends to retry defendants on the standalone § 666 federal program bribery allegations set forth in counts four and five. In addition to the motion to disclose the grand jury instructions as to counts four and five, defendants

Criminal No. 10-232 (FAB)                                                  4

filed nine pretrial motions.³  Because the disposition of the pending motions ultimately depends upon the validity of the indictment, the Court must address matters pertaining to the indictment before ruling on the pretrial motions.

## II. Grand Jury Disclosure Standard

A hallmark of the grand jury is the "secrecy of its proceedings." Whitehouse v. United States Dist. Court, 53 F.3d 1349, 1357 (1st Cir. 1995) (citation omitted).⁴  Only a "compelling necessity" warrants a review of grand jury proceedings.  United States v. Capozzi, 486 F.3d 711, 727 (1st Cir. 2007) (quoting

---

³ The remaining pretrial motions include: (1) defendant Bravo's motion for severance, Docket No. 729, (2) defendants' protective joint motion to compel discovery, Docket No. 730, (3) defendant Martinez's motion to sever the defendants' trials, Docket No. 731, (4) defendants' joint motion to dismiss counts four and five for failure to allege an offense, Docket No. 734, (5) defendants' joint motion to dismiss the indictment for grand jury abuse and to avid a constructive amendment of the indictment at trial, Docket No. 735, (6) defendants' joint motion to preserve prior objections to the admission of evidence, Docket No. 737, (7) defendants' joint motion to exclude testimony by non-defendant lay witnesses and related argument regarding the legislative intent of senate projects 410 and 471 and their potential impact, Docket No. 738, (8) defendants' joint motion to exclude testimony, evidence, and related argument regarding alleged payments to Jorge de Castro-Font, Docket No. 739, (9) defendants' joint motion to strike surplusage, Docket No. 740. The government also filed a motion *in limine* to exclude evidence of witness' and non-witness' other bad acts.  Docket No. 732.

⁴ The Supreme Court has explained that grand jury secrecy is necessary "(1) [t]o prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witness who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 219 n. 10 (1979) (internal citations omitted).

Criminal No. 10-232 (FAB)                                             5

United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958)). Long standing precedent within the First Circuit establishes that grand jury proceedings are entitled to a "presumption of regularity," In re Lopreato, 511 F.2d 1150, 1152 (1st Cir. 1975), and that "a party asserting a claim of grand jury abuse must shoulder a heavy burden" to overcome that presumption. United States v. Flemmi, 245 F.3d 24, 28 (1st Cir. 2001). Despite this presumption of regularity, however, "prosecutors do not have *carte blanche* in grand jury matters." Flemmi, 245 F.3d at 28.

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), for instance, states that a Court may authorize disclosure "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." The defendant bears the burden of demonstrating a "particularized need" for disclosure of grand jury materials.[5]

---

[5] Defendants' assertion that only "the substance of grand jury deliberations," but not the grand jury instructions, are secret is incorrect. (Docket No. 763 at p. 7.) To support their argument, defendants cite dated Ninth Circuit Court of Appeals dictum. (Docket No. 763 at p. 6.) See United States v. Alter, 482 F.2d 1016, 1029 n. 21 (9th Cir. 1973) ("The proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not.") Alter is distinguishable because the court did not analyze disclosure pursuant to Rule (6)(e). Id. at 1029 n.21. The weight of pertinent authority, including First Circuit precedent, holds that grand jury instructions are secret. See United States v. Lopez-Lopez, 282 F.3d 1 (1st Cir. 2002) (affirming district court's denial of defendant's motion to review grand jury instructions, which are protected grand jury materials); United States v. Smith, 105 F. Supp. 3d 255, 257 (W.D.N.Y. 2015) (defendant was not entitled to production of the grand jury instructions pursuant to Fed.R.Crim.P. 6(e)); United States v. Mariani, 7 F. Supp. 2d 556, 558 (M.D. Pa. 1998) (the secrecy of the grand jury will not be compromised by an order to disclose grand jury instructions without a showing of "particularized need").

Criminal No. 10-232 (FAB)                                                     6

United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983). Furthermore, a defendant must also demonstrate a "particularized need" justifying a court's *in camera* review of grand jury materials.  See United States v. Aponte-Garcia, No. 15-660, 2016 U.S. Dist. LEXIS 176106 (D.P.R. Dec. 20, 2016) (Besosa, J.) (denying motion for *in camera* review of grand jury materials because defendants failed to articulate a particularized need).

Indeed, Rule 6(e) is not an "invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred."  United States v. Rodriguez-Torres, 570 F. Supp. 2d 237, 241 (D.P.R. 2008)(Garcia-Gregory, J.).  Courts should refuse to disclose grand jury materials, and reject an invitation to conduct an *in camera* review of matters occurring before the grand jury "unless there is a very clear and positive showing of a need

Criminal No. 10-232 (FAB)                                              7

for the [grand jury material]." United States v. Velazquez, 488 F. Supp. 2d. 82, 109 (D.P.R. 2007) (Velez-Rive, J.).[6]

**III. Particularized Need for *In Camera* Review**

Defendant's request for grand jury instructions is premised on the argument that "the grand jury was (through no wrongdoing by the government), misinstructed that it could return an indictment for conduct (a gratuity) that did not constitute a crime under the statute." (Docket No. 736 at p. 6.) Accordingly, defendants contend that the indictment must be dismissed because it is based on flawed instructions that "substantially influenced the grand jury's decision to indict." See Docket No. 736 at p. 5 (quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988)).

The Court is satisfied that defendants have demonstrated a particularized need justifying an *in camera* review of grand jury instructions.  Indeed, defendants' arguments in support of *in*

---

[6] In the consolidated response to defendants' motions, the government argues that defendants "violate the doctrines of collateral estoppel and law of the case by re-litigating issues resolved against them by this Court and the First Circuit." (Docket No. 745 at p. 1). First, with regard to collateral estoppel, the First Circuit Court of Appeals has made clear that a "judgement that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as to res judicata and as to collateral estoppel." Fredyma v. AT&T Network Systems, Inc., 1991 U.S. App. LEXIS 13699 (1st Cir. 1991) (reversing dismissal of second complaint on res judicata grounds because vacatur of the first complaint had no conclusive effect) (emphasis added). Second, the government invokes the law of the case doctrine, which "bars litigants from rearguing issues previously decided on appeal." CPC Int'l v. Northbrook Excess & Surplus Ins. Co., 46 F.3d 1211, 1215 (1st Cir. 1995). This argument is similarly unconvincing because the First Circuit Court of Appeals has specified that "[u]nder the 'law of the case doctrine,' a decision by an appellate court on a particular issue, unless vacated or set aside, governs the issue during all subsequent stages of the litigation." Id. (emphasis added).

Criminal No. 10-232 (FAB)                                              8

*camera* review amount to more than "[m]ere speculation that [. . .] the Government may have improperly instructed the grand jury." See United States v. Forde, 740 F. Supp. 2d 406, 414 (S.D.N.Y. 2010).  The language in section 666 does not specifically cover only *quid pro quo* arrangements, and until the First Circuit Court of Appeals addressed what was then a matter of first impression in this circuit, there was no reason to believe that it would be improper to premise a section 666 prosecution on a gratuity theory.[7]  In fact, relying upon model jury instructions used routinely in trials involving section 666 prosecutions, the Court provided the petit jury instructions that included a gratuity theory of liability.  Moreover, in closing argument at the first trial, the government specifically informed the petit jury that "it doesn't matter if the trip was offered before official acts were taken, at the same time official acts were taken, or after official acts were taken, because the crime is offering or

---

[7] 18 U.S.C 666(a)(1)(B) states in pertinent part:  "Whoever, if the circumstance described in subsection (b) of this section exists—[. . . ] (B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more; or (2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more."

Criminal No. 10-232 (FAB)                                              9

accepting the trip with intent to influence or reward." Fernandez, 722 F.3d 1, *18. Whether the grand jury received similar instructions may inform the Court's decision as to whether the indictment pending against defendants is valid.

Although not identical to the case before the Court, the reasoning set forth in United States v. Twersky, No. 92-1082, 1994 U.S. Dist. LEXIS 8744 (S.D.N.Y. June 29, 1994) persuades the Court that, under the circumstances, it would be appropriate to review the government's grand jury instructions *in camera*. In Twersky, the grand jury indictment set forth three counts requiring the government to prove that the defendant "willfully" violated a federal statute. Id. at *6. At trial, the court instructed the jury that the government need not prove defendant knew his acts were unlawful. Id. at *7. Subsequently, the Supreme Court in Ratzlaf v. United Sates, 510 U.S. 135. 154 (1994), held that "willfulness" means "the defendant acted with knowledge that his conduct was unlawful." Thus, according to the defendant, the grand jury was "necessarily instructed" on obsolete law. Id. Upon defendant's motion to dismiss, the district court ordered the government to produce the grand jury minutes to confirm that the instructions, if any, were legally sound. Id. at *25. This Court, like the Twersky court, cannot dispose of the substantive motions pending before it until it has determined whether the instructions

Criminal No. 10-232 (FAB)                                                  10

provided to the grand jury misrepresented the law as later interpreted by the First Circuit Court of Appeals.[8]

## IV. Conclusion

For the foregoing reasons, the Court **ORDERS** that the government produce to the Court for *in camera* review the grand jury transcripts **no later than March 13, 2017**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, March 7, 2017.

                                         s/ Francisco A. Besosa
                                         FRANCISCO A. BESOSA
                                         UNITED STATES DISTRICT JUDGE

---

[8] See also United States v. FedEx Corp., No. 14-380, 2016 U.S. Dist. LEXIS 6155(N.D.Ca. Jan. 19, 2016) (defendant showed a particularized need for *in camera* review of grand jury instructions because the indictment suggested the government misunderstood the law); United States v. Hooey, No. 11-337, 2014 U.S. Dist LEXIS 91093 (S.D.N.Y. July 2, 2014) (the court conducted *in camera* review because defendant "has come forward with more than mere speculation that the grand jury did not receive the proper instructions on the 'but-for' causation necessary to trigger the twenty-year mandatory minimum sentence"); United States v. Peralta, 763 F. Supp. 14 (S.D.N.Y. 1991) (court conducted *in camera* review of grand jury transcript discovering that agent's testimony was complete hearsay and that prosecutor provided grand jury with erroneous legal instructions).