IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff**, v. JUAN BRAVO-FERNÁNDEZ [1], HECTOR MARTÍNEZ-MALDONADO [2], **Defendants**. | **Criminal No.** 10-232 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Juan Bravo-Fernandez's ("defendant Bravo") and defendant Hector Martinez-Maldonado's ("defendant Martinez") motion pursuant to Rule 12 of the Federal Rules of Criminal Procedure ("Rule 12") to dismiss counts four and five for failure to allege an offense. (Docket No. 734.) For the reasons set forth below, the Court **DENIES** defendants' motion to dismiss.

**I. BACKGROUND**

On June 22, 2010, a federal grand jury returned an indictment charging defendants Bravo and Martinez with, among other criminal offenses, federal program bribery in violation of 18 U.S.C. § 666(a)(2) and 18 U.S.C. § 666(a)(1)(B) ("Section 666")[1]. (Docket

---

[1] 18 U.S.C 666(a)(1)(B) & (2) states in pertinent part: "Whoever, if the circumstance described in subsection (b) of this section exists—[. . .] (B) corruptly solicits or demands for the benefit of any person, or accepts or

Criminal No. 10-232 (FAB)                                              2

No. 1 at ¶¶ 81, 85.)  Following a trial that lasted approximately two weeks, the jury convicted defendant Bravo of violating 18 U.S.C. § 666(a)(2) as charged in count four of the indictment, and convicted defendant Martinez of violating 18 U.S.C. § 666(a)(1)(B) as charged in count five of the indictment.[2]  See Docket No. 438.

The First Circuit Court of Appeals ultimately vacated the convictions of both defendants for violating section 666, and remanded the case for further proceedings.  United States v. Fernandez, 722 F. 3d 1, 39 (1st Cir. 2013).  The First Circuit Court of Appeals held that the Court's jury instructions were erroneous because they permitted the jury to convict pursuant to a gratuity theory, stating that "[t]he government may not pursue a conviction on that ground [i.e., a gratuity theory] if Defendants

---

agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $ 5,000 or more; or (2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $ 5,000 or more."

[2] The jury also convicted defendants of conspiracy as charged in count one, and defendant Bravo of interstate travel in aid of racketeering, as charged in count two.  See Docket No. 438. The Court granted defendant Bravo's motion for acquittal regarding the travel act conviction violation charged in count two. United States v. Bravo-Fernandez, 828 F. Supp. 2d 441, 449 (D.P.R. 2011) (Besosa, J.).  The jury acquitted defendant Martinez of the charges alleged in counts three and six—interstate travel in aid of racketeering and obstruction of justice, respectively.  Id.  The First Circuit Court of Appeals reversed defendant Bravo's conspiracy conviction.  United States v. Fernandez, 722 F.3d 1, *39 (1st Cir. 2013).  The only counts now pending against defendants are the federal program bribery charges alleged in counts four and five.

Criminal No. 10-232 (FAB)                                                3

are retried." Id. at p. 28.  In sum, defendants cannot be convicted of federal program bribery pursuant to a gratuity theory because "the true target of § 666 are bribes, not gratuities." Id. at 26.

The government now intends to retry defendants on the standalone section 666 federal program bribery allegations set forth in counts four and five.[3]  Defendants seek dismissal of counts four and five on the grounds that: (1) the indictment fails to satisfy the $10,000 federal benefits threshold, (2) newly published precedent requires a narrow interpretation of the term "agent" within the meaning of section 666, (3) the government failed to allege bribery in connection with "business transactions of the agency," and (4) the indictment "does not involve anything of value exceeding $5,000 to the relevant state agency." (Docket No. 734 at p. 2.) The Court rejects defendants' arguments for the reasons set forth below.

## II.  Motion to Dismiss Standard

Defendants move to dismiss the indictment for failure to state an offense pursuant to Rule 12 of the Federal Rule of Criminal

---

[3] There are eight remaining pre-trial motions filed by defendants and the government.  The Court granted in part defendants' motion to disclose the grand jury instructions.  See Docket Nos. 736 & 791.  After an *in camera* review of the jury instructions, the Court denied defendants' motion to dismiss the indictment for grand jury abuse and to avoid a construct amendment.  See Docket Nos. 735 & 806.  The defendants have filed a Petition for a Writ of Mandamus requesting that the First Circuit Court of Appeals dismiss the indictment without prejudice.  See Docket No. 809-2.

Criminal No. 10-232 (FAB) 4

Procedure. An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." F. R. Crim. P. 7. When considering a motion to dismiss an indictment, courts "must take the allegations in the indictment as true" and must be mindful that "the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (citation omitted). "[I]t is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as those words set forth all the elements of the offense without any uncertainty or ambiguity." United States v. Brown, 295 F.3d 152, 154 (1st Cir. 2002)(internal quotation marks and citation omitted).

**III. Discussion**

Defendants first claim that the indictment fails to satisfy the $10,000 jurisdictional threshold required by section 666.[4] Section 666 applies to agents of an "organization, government, or agency [that] receives, in any one year period, benefits in excess of $10,000 under a Federal program." 18 U.S.C. § 666(b).

---

[4] Counts four and five of the indictment allege that "The Commonwealth of Puerto Rico was a state Government which received federal assistance in excess of $10,000 during the twelve months preceding May 15, 2095, and during the twelve months following May 15, 2005." (Docket No. 1 at ¶¶ 79, 83.)

Criminal No. 10-232 (FAB)                                              5

Defendants suggest that the indictment is defective because it alleges that the Commonwealth of Puerto Rico received $10,000 in federal benefits, without distinguishing between "federal funds" and "federal benefits." (Docket No. 734 at p. 6.). According to defendants, the government lacks evidence to establish the $10,000 federal benefits jurisdictional threshold.[5] (Docket No. 734 at p. 7.)[6] Yet, defendants fail to explain why this distinction is significant for purposes of ruling on the sufficiency of the indictment whose allegations the Court must accept as true at this stage. Instead, defendants argue that to sustain a conviction, the government must prove that the Commonwealth of Puerto Rico

---

[5] During the 2011 trial, defendants moved to dismiss the section 666 counts, arguing that Martinez was not an agent of a state entity that received $10,000 in federal benefits. (Docket No. 58 at pp. 3-4.) The Court rejected this argument. (Docket No. 131 at p. 36.) In so doing, the Court held that "[w]hile the indictment does not go into more detail, the Court must accept the allegations in the indictment as true at this stage of the proceeding and therefore finds this allegation to be sufficient." United States v. Bravo-Fernandez, 756 F. Supp. 2d 184, 203 (D.P.R. 2010) (Besosa, J.) (citing Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 343 n. 12 (1952)).

[6] Defendants claim that the "government did not present any evidence of more than $10,000 in federal benefits to the grand jury or introduce such evidence at trial." (Docket No. 734 at p. 7.) The Court rejects this statement because defendants have no knowledge pertaining to evidence presented by the government to the grand jury. The only individuals present during grand jury proceedings are government attorneys, the witness being questioned, interpreters when needed, and a court reporter. Fed. R. Crim. P. R. 6(d). These individuals bear an obligation not to disclose matters occurring before the grand jury. Fed. R. Crim. P. R. 6(e)(2). Defendants do not know what evidence the government presented to the grand jury because defendants were excluded from grand jury proceedings. Those individuals present at the grand jury proceeding have an obligation not to disclose matters related to grand jury proceedings that cumulated in the indictment.

Criminal No. 10-232 (FAB)                                            6

received more than $10,000 in federal benefits, not just more than $10,000 in federal funds.[7]

Defendants cite <u>Fischer v. United States</u> to expound upon the term "federal benefits." <u>See</u> Docket No. 734 at p. 7 (citing Fischer, 529 U.S. 667 (U.S. 2000)). In <u>Fischer</u>, the Supreme Court held that a "benefit" must generally be something that "promotes wellbeing." <u>Id</u>. at 677. Defendant's reliance on <u>Fischer</u> is misplaced. In <u>Fischer</u>, the Supreme Court rejected the argument that Medicare assistance provided for the elderly and the disabled were not "federal benefits." 529 U.S. 667. 768 ("These advantages constitute benefits within the meaning of the federal bribery statute, a statute we have described as 'expansive,' both as to the [conduct] forbidden and the entities covered") (citation omitted). The Supreme Court's decision in <u>Fischer</u> did not address what the government must allege to state a viable offense pursuant to section 666.

For purposes of defendants' Rule 12 motion, the dispositive question is whether the $10,000 federal benefits element is alleged in the indictment. Counts four and five of the indictment allege

---

[7] The Supreme Court defined the term "benefits" pursuant to section 666 as "something that guards, aids, promotes well-being: advantage, good" and a "payment, gift [such as] financial help in time of sickness, old age, or unemployment." <u>Fischer v. United States</u>, 529 U.S. 667 (2000). This Court need not analyze whether the term "benefits" in the indictment complies with the <u>Fischer</u> definition of "benefits" in considering defendant's motion dismiss.

Criminal No. 10-232 (FAB)                                             7

that the "Commonwealth of Puerto Rico was a State Government which received federal assistance in excess of $10,000 during the twelve months preceding May 15, 2005, and during the twelve months following May 15, 2005. (Docket No. 1 at ¶¶ 79, 83.) The Court is, therefore, satisfied that the indictment adequately alleges the $10,000 federal benefits element pursuant to section 666. The absence of language distinguishing "federal benefits" from "federal funds" is not an appropriate basis to dismiss the indictment for failure to allege an offense.[8]

Defendants' second argument in support of dismissal implores the Court to adopt a narrow interpretation of the term "agent" and section 666 generally. (Docket No. 734 at p. 9.) In fact, defendants argue that the First Circuit Court of Appeals' determination that defendant Martinez acted as an "agent," see United States v. Fernandez, 722 F.3d 1 (1st Cir. 2013), cannot be reconciled with subsequent Supreme Court decisions supporting a more narrow interpretation of federal anti-corruption statutes.

---

[8] Denial of defendant's motion to dismiss rests solely upon the Court's analysis of the indictment. Defendants, however, concede that "the First Circuit rejected some, but not all, of the challenges to the section 666 counts." (Docket No. 734 at p. 5.) The First Circuit Court of Appeals noted that at the 2011 trial, the associate director for the Office of Budget and Management testified that the Commonwealth received over $4.7 billion in federal funds, an amount "sufficient to show that [defendants] are agents" of a government receiving "in any one year period, benefits in excess of $10,000 under a Federal program." Fernandez, 722 F.3d at 12 (1st Cir. 2013).

Criminal No. 10-232 (FAB)                                                    8

Id. at pp. 9-20.[9]  Not one of the Supreme Court decisions upon which defendants rely is dispositive, and not one concerns section 666.  In McDonnell v. United States, the Supreme Court reversed an honest-services wire fraud conviction because the district court adopted an overly broad interpretation of "official action." 136 S. Ct. 2355 (2016).  In Bond v. United States, the Supreme Court rejected an overly broad interpretation of the Chemical Weapons Convention Implementation Act.  134 S. Ct. 2077 (2014).  Lastly, the Supreme Court in Yates v. United States ruled that the Eleventh Circuit Court of Appeals adopted an erroneous interpretation of "fish" within the meaning of "tangible object" pursuant to the Sarbanes-Oxley Act of 2002.  135 S. Ct. 1074 (2015).

   Indeed, defendants' reliance on McDonnell, Bond, and Yates, is misplaced because none of these decisions has anything to do with interpreting the meaning of an "agent" within the context of section 666.  In Fernandez, the First Circuit Court of Appeals specifically "reject[ed] any notion that state legislators are categorically exempt from prosecution under § 666." 722 F.3d at 1, 8.  Defendants have failed to persuade the Court that the First Circuit Court of Appeals would rethink this notion in light of

---

[9] Specifically, the First Circuit Court of Appeals held that "we need go no further than the plain language of the statute to conclude that Martinez and de Castro Font may be properly considered 'agents' of the Commonwealth of Puerto Rico." Fernandez, 722 F.3d 1, 11.

more recent Supreme Court precedent, much less that this precedent compels dismissal of the indictment prior to a trial on the merits. The Court is not persuaded that Supreme Court decisions following <u>Fernandez</u>, which have nothing to do with section 666, compel the conclusion that the First Circuit Court of Appeals concluded erroneously that members of the Puerto Rico Senate are agents of the Commonwealth of Puerto Rico.  These Supreme Court decisions do not persuade the Court to conclude that dismissal of the indictment for failure to allege an offense is appropriate.

As stated above, the wording of the indictment informs the Court's decision regarding the Rule 12 motion.  Counts four and five allege that:

> At all times relevant to this Indictment, defendant MARTINEZ and de Castro Font were agents of the Commonwealth of Puerto Rico whose duties included those of an elected Senator of the Commonwealth of Puerto Rico.

(Docket No. 1. at ¶¶ 80, 84.)  The indictment identifies explicitly that the agent allegedly committing federal program bribery is defendant Martinez.  The Court is satisfied that the indictment's "agent" reference "elucidates the [element] of a crime, enlightens [defendants] as to the nature of the charges against which [they] must defend, and enables [them] to plead double jeopardy in bar of future prosecutions for the same offense."  <u>United States v. Sepulveda</u>, 15 F.3d 116, 1192 (1st Cir. 1993).  The Court rejects

Criminal No. 10-232 (FAB)                                          10

defendant's invitation to look beyond the indictment to determine whether defendant Martinez served as an "agent."

Defendants' third argument in support of the motion to dismiss once again requests that this Court misapply the Rule 12 standard of review. (Docket No. 734 at p. 20) citing to 722 F.3d 1 (1st Cir. 2013). According to defendants, the "in connection with" element of section 666 implicates a financial transaction requirement. Id. Pursuant to section 666, bribery must be "in connection with any business, transaction, or series of transactions of such organizations, government or agency involving anything of value of $5,000 or more." 18 U.S.C. §§ 666(a)(1)(B), 666(b). Defendants argue that the indictment is insufficient because section 666 "reflects a need for financial transactions, which did not occur with the legislation at issue in this case as it was purely regulatory and was fiscally neutral for Puerto Rico."[10] (Docket No. 734 at p. 20.)

---

[10] Defendants made the same argument in 2010. See Docket No. 58 at p. 9 (arguing that prosecution pursuant to section 666 is improper because "the Senate passes legislation, it creates law; there is no sort of negotiated financial exchange with any other party.") This Court rejected defendants' argument, noting that "the Supreme Court, in analyzing a claim under 666, has advised courts to refrain from imposing a 'narrowing construction' of the business or transaction clause." United States v. Bravo-Fernandez, 828 F. Supp. 2d 441, 454 (D.P.R. 2011) (Besosa, J.).

Criminal No. 10-232 (FAB)                                                        11

The Court holds that the indictment adequately alleges the "in connection with element."[11]  For purposes of the Rule 12 motion before the Court, textual analysis of the indictment is paramount.  See United States v. Brown, No. 11-174, 2012 U.S. Dist. LEXIS 23723, at *17 (W.D. Pa. Feb. 24, 2012) ("[I]n addressing a motion to dismiss the indictment a court must look at the indictment only and cannot consider facts extrinsic to the incident").  Count four of the indictment states that defendant Bravo:

> [D]id corruptly give, offer, and agree to give to defendant MARTINEZ and de Castro Font things of value, that is, a trip to Las Vegas, Nevada, including round trip airfare, hotel rooms, meals, drink and tickets to  attend the Felix "Tito" Trinidad vs. Winky Wright professional boxing match for defendant MARTINEZ and de Castro Font in connection with a business, transaction, and series of transactions of the Puerto Rico government valued at more than $5,000, that is, Senate Projects 410 and 471.[12]

(Docket No. 1 at ¶¶ 81, 85).  The indictment further specifies that Senate Projects 410 and 471 would have "permitted commercial

---

[11] While the language contained in the indictment determines whether the Rule 12 motion will prevail, the First Circuit Court of Appeals held previously that "the business or transaction clause in § 666 does not limit the statute's reach to purely commercial conduct."  Fernandez, 722 F.3d 1, 14 (1st Cir. 2013).  A narrow interpretation of the business or transaction clause would, according to the First Circuit Court of Appeals, "foreclose large swaths of government activity that, though technically 'non-commercial' could be profitable for unscrupulous individuals to attempt to influence." Id.

[12] Count five states that defendant Martinez "did corruptly solicit and demand for his own benefit, and accepted and agreed to accept, a thing of value from defendant BRAVO, that is, a trip to Las Vegas, Nevada, including round trip airfare, hotel rooms, meals, drinks, and a ticket to attend the Felix "Tito" Trinidad vs. Winky Wright professional boxing match, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of the Puerto Rico government valued at more than $5,000, that is, Senate Projects 410 and 471."  (Docket No. 1 at ¶ 88)

Criminal No. 10-232 (FAB)                                              12

shopping centers to develop a Code of Conduct for its premises" and would have required "the president of all private security firms doing business in Puerto Rico to secure and maintain private detective licenses" respectively. Id. at ¶¶ 13, 14. The business or transaction component of the "in connection with" element refers to Senate Projects 410 and 471. The indictment fulfills the two requirements necessary to defeat a motion to dismiss for failure to allege an offense. The indictment (1) "contains the elements of the offense charged and fairly informs [] defendant[s] of the charges against which [they] must defend," and (2) enables defendants "to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Colon-Quiles, 859 F. Supp 2d 229 (D.P.R. 2012) (Besosa, J.) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)). No additional factual allegations alluding to a financial transaction are required to establish the "in connection with" component of section 666.

Defendants argue that the indictment "does not involve anything of value exceeding $5,000 to the relevant state agency." (Docket No. 734 at p. 22.) Defendants are correct in that the First Circuit Court of Appeals in Fernandez referenced a circuit split concerning the valuation of a bribe. See Docket No. 734 at p. 22 (citing Fernandez, 277 F.3d at 13). Defendants, however, omit that the First Circuit Court of Appeals adopted the Eleventh

Criminal No. 10-232 (FAB)                                                    13

and Fifth Circuit Courts of Appeals' understanding that the "$5,000 element instead refers to the value of the 'business' or 'transaction' sought to be influenced by the bribe." Fernandez, 722 F.3d at 13 (1st Cir. 2013).  Furthermore, the indictment charges defendants with giving and accepting, among other things, a trip to Las Vegas "in connection with a business, transaction, and series of transactions of the Puerto Rico government valued at more than $5,000, that is, Senate Projects 410 and 471." (Docket No. 1 at p. 22.)  The Indictment identifies the business or transaction triggering the application of section 666, namely, Senate Projects 410 and 417.  Moreover, the indictment states specifically that Senate Projects 410 and 471 are valued at more than $5,000.  At this stage, and for purposes of the motion to dismiss, the indictment is sufficient regarding the $5,000 threshold.  Consequently, the Court denies the motion to dismiss counts four and five for failure to allege an offense.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss counts four and five for failure to allege an offense is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 31, 2017.

                                          s/ Francisco A. Besosa
                                          FRANCISCO A. BESOSA
                                          UNITED STATES DISTRICT JUDGE

Criminal No. 10-232 (FAB) 14