# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| **v.** | Criminal No. 10-232 (FAB) |
| JUAN BRAVO-FERNÁNDEZ [1], | |
| HECTOR MARTÍNEZ-MALDONADO [2], | |
| **Defendants.** | |

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendant Juan Bravo-Fernandez's ("defendant Bravo")'s and defendant Hector Martinez-Maldonado's ("defendant Martinez")'s joint motion to strike surplusage, Docket No. 740, and defendants' joint motion *in limine* to exclude testimony, evidence and related argument regarding alleged payments to Jorge de Castro-Font, Docket No. 739. For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part defendants' joint motion to strike surplusage. (Docket No. 740.) Additionally, the Court **DENIES** without prejudice defendant's motion *in limine* to exclude testimony, evidence, and related argument regarding alleged payments to De Castro-Font. (Docket No. 739.)

## I.   BACKGROUND

On June 22, 2010, a federal grand jury returned an indictment charging defendant Bravo and defendant Martinez with, among other criminal offenses, federal program bribery in violation of 18 U.S.C. § 666(a)(2) and 18 U.S.C. § 666(a)(1)(B) ("section 666").[1] (Docket No. 1 at ¶¶ 81, 85.)  Following a trial that lasted approximately two weeks, the jury convicted defendant Bravo of violating 18 U.S.C. § 666(a)(2) as charged in count four of the indictment, and convicted defendant Martinez of violating 18 U.S.C. § 666(a)(1)(B) as charged in count five of the indictment.[2] See Docket No. 438.

---

[1] 18 U.S.C 666(a)(1)(B) & (2) states in pertinent part: "Whoever, if the circumstance described in subsection (b) of this section exists—[. . . ] (B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $ 5,000 or more; or (2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $ 5,000 or more."

[2] The jury also convicted defendants of conspiracy as charged in count one, and defendant Bravo of interstate travel in aid of racketeering, as charged in count two.  See Docket No. 438. The Court granted defendant Bravo's motion for acquittal regarding the travel act offense charged in count two.  United States v. Bravo-Fernandez, 828 F. Supp. 2d 441, 449 (D.P.R. 2011) (Besosa, J.).  The jury acquitted defendant Martinez of the charges alleged in counts three and six—interstate travel in aid of racketeering and obstruction of justice, respectively.  Id.  The First Circuit Court of Appeals reversed defendant Bravo's conspiracy conviction.  United States v. Fernandez, 722 F.3d 1, 39 (1st Cir. 2013).  The only counts now pending against defendants are the federal program bribery charges alleged in counts four and five.

The First Circuit Court of Appeals ultimately vacated the convictions of both defendants for violating section 666, and remanded the case for further proceedings.   United States v. Fernandez, 722 F. 3d 1, 39 (1st Cir. 2013).   The court of appeals held that the Court's jury instructions were erroneous because they permitted the jury to convict pursuant to a gratuity theory, stating that "[t]he government may not pursue a conviction on that ground [i.e., a gratuity theory] if Defendants are retried."   Id. at p. 28.   In sum, defendants cannot be convicted of federal program bribery pursuant to a gratuity theory because "the true target of § 666 are bribes, not gratuities."   Id. at 26.

The government now intends to retry defendants on the standalone section 666 federal program bribery allegations set forth in counts four and five.[3]   Defendants request the Court to strike irrelevant and prejudicial surplusage from the indictment

---

[3] There are six remaining pre-trial motions, including defendants' joint motion to strike surplusage and motion *in limine* to exclude evidence of alleged payments to De Castro-Font.  (Docket Nos. 740 & 739.)   The Court granted in part defendants' motion to disclose the grand jury instructions.   See Docket Nos. 736 & 791.   After an *in camera* review of the jury instructions, the Court denied defendants' motion to dismiss the indictment for grand jury abuse and to avoid a constructive amendment.   See Docket Nos. 735 & 806.   The Court also denied defendants' motion to dismiss counts four and five for failure to allege an offense.  (Docket No. 814.)   The Court denied without prejudice defendants' motions for severance, ordering the government to disclose to the Court for an *in camera* review by April 17, 2017 any statement made by defendants that the government intends to introduce into evidence at trial.   See Docket Nos. 729 & 816.   Defendants have filed a Petition for a Writ of Mandamus requesting that the First Circuit Court of Appeals dismiss the indictment without prejudice. See Docket No. 809-2.

pursuant to Federal Rule of Criminal Procedure 7(d).  According to defendants, allegations that defendant Bravo made payments to former Puerto Rico senator Jorge de Castro-Font are irrelevant to the conduct charged in counts four and five of the indictment. Additionally, defendants argue that the "reward" language included in the section 666 counts may prompt the jury to convict defendants on an invalid gratuities theory.  For the reasons explained below, the Court grants defendants' request to strike allegations that defendant Bravo made payments to De Castro-Font from the indictment.  Relatedly, the Court denies without prejudice defendants' motion *in limine* to exclude this same evidence at tial. The Court, however, denies defendants' request to strike the "reward" language from counts four and five of the indictment.

## II.  Surplusage Standard

Federal Rule of Criminal Procedure 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment."  Surplusage constitutes "additional facts beyond those which comprise the elements of the crime." United States v. Valencia, 600 F.3d 389, 432 (5th Cir. 2010).  The purpose of the rule is "to protect the defendant against immaterial or irrelevant allegations in an indictment which may be prejudicial." Fed. R. Crim. P. 7(d), advisory committee note.  "Language in the indictment which is information the government, in good faith,

intends to properly prove at trial[, however,] cannot be stricken as surplusage, no matter how prejudicial it may be." United States v. El-Silimy, 228 F.R.D. 52, 59 (D. Me. 2005) (internal citations omitted). The decision to strike language from the indictment "rests in the sound discretion of the district court." United States v. Lewis, 40 F.3d 1325, 1346 (1st Cir. 1994). Because the standard to strike surplusage is so exacting, courts have interpreted it narrowly and alleged surplusage is rarely stricken. United States v. Bravo-Fernandez, 792 F. Supp. 2d 172, 176 (D.P.R. 2011) (Besosa, J.) (internal quotation marks and citation omitted).

## III. Discussion

Defendants and the government concur "on the majority of proposed redactions to the indictment." (Docket No. 740 at p. 5; Docket No. 745 at p. 28.) Only two section 666 counts remain of the original six counts contained in the indictment.[4] The parties stipulate that some of the allegations set forth in count one, and the entirety of counts two, three and six should be stricken. The Court sees no basis to disturb the parties' stipulation, and will

---

[4] Count one charged defendant Bravo and defendant Martinez with a conspiracy in violation of 18 U.S.C. § 371. (Docket No. 1.) Counts two and three charged defendant Bravo and defendant Martinez with interstate travel in aid of racketeering pursuant to 18 U.S.C. §§ 1952(a)(3)(A) & 2. Id. Count six charged defendant Martinez with obstruction of justice in violation of 18 U.S.C. § 1512(b)(3) & 2. Id.

therefore strike those portions of the indictment that the parties

have agreed should be stricken.[5]

The parties, nonetheless, disagree as to whether the

indictment should include allegations of payments to De Castro-

Font, and the word "reward" in counts four and five.  The Court

will proceed to address the substance of the parties' disputes.

**A.    Alleged payments from defendant Bravo to De Castro-Font**

Defendants move to strike allegations that defendant

Bravo made payments to De Castro-Font because, defendants argue,

these allegations are prejudicial and immaterial to the pending

charges.[6]  Although the Court will reserve judgment as to whether

it will ultimately permit the government to introduce evidence of

---

[5] The government further argues that the jury should hear a redacted indictment
in court and should receive a hard copy of a retyped indictment without the
eliminated surplusage.  (Docket No. 745 at p. 28).   The Court will determine
the propriety of disclosing the indictment to the jury in due course.

[6] After addressing the jurisdictional threshold requirements of section 666,
count four alleges that defendant Bravo "did corruptly give, offer, and agree
to give to defendant Martinez and de Castro Font things of value, that is, a
trip to Las Vegas, Nevada, including round trip airfare, hotel rooms, meals,
drinks and tickets to attend the Felix "Tito" Trinidad v. Winky Wright
professional boxing match for defendant Martinez and de Castro Font,, with
intent to influence and reward defendant Martinez and de Castro Font in
connection with a business, transaction, and series of transactions of the
Puerto Rico government valued at more than $5,000, that is, Senate Projects 410
and 471." (Docket No. 1 at p. 22).  Count five alleges that defendant Martinez
"did corruptly solicit and demand for his own benefit, and accepted and agreed
to accept, a thing of value from defendant Bravo, that is, a trip to Las Vegas,
Nevada, including round trip airfare, hotel rooms, drinks, and a ticket to
attend the Felix "Tito" Trinidad vs. Winky Wright professional boxing match,
intending to be influenced and rewarded in connection with a business,
transaction, and series of transactions of the Puerto Rico government valued at
more than $5,000, that is, Senate Projects 410 and 471.  (Docket No. 1 at
p. 23).

payments to De Castro-Font predating the Las Vegas trip, it agrees with defendants that allegations concerning these payments have no place in the indictment.

The allegations that defendant Bravo paid De Castro-Font various sums of money are set forth in count one (i.e., the conspiracy count) under the heading "cash and disguised payments from defendant Bravo to De Castro-Font in 2004."[7] (Docket No. 1 at p. 8.) Count Four, a count on which the jury will actually deliberate, alleges that defendant Bravo bribed defendant Martinez and De Castro Font by paying for a trip to Las Vegas and tickets to attend a professional boxing match. (Docket No. 1 at p. 22.) Notably, count four does not allege that defendant Bravo "did corruptly give" De Castro-Font payments "in connection with a business, transaction or series of transactions of the Puerto Rico government." (Docket No. 1 at p. 22) (Emphasis added).

Indeed, as the government suggests in opposing defendants' request to strike surplusage, the standard applicable to a motion pursuant to Federal Rule of Criminal Procedure 7(d) differs from that which the Court must apply in determining the admissibility of evidence at trial pursuant to Federal Rule of

---

[7] The government alleges that on seven different occasions predating the alleged Las Vegas trip, defendant Bravo disguised payments to De Castro Font as payments to various companies. (Docket No. 1 at p. 8.) The alleged payments occurred between April 2004 and November 2004 totaling $22,500. Id.

Evidence 403.[8]  See Docket No. 745 at p. 30.  At this juncture,
the Court declines to make a ruling as to the admissibility of
evidence pertaining to payments made to De Castro-Font predating
the Las Vegas trip.  The Court will make a ruling regarding the
admissibility of this evidence within the context of trial, when
it will be in a better position to determine whether this evidence
is both relevant and not unduly prejudicial.  Because the
admissibility of evidence concerning alleged payments to De
Castro-Font is not a foregone conclusion, the government cannot at
this stage intend to prove these allegations in "good faith."  See
El-Silimy, 228 F.R.D. 52, 59 (D. Me. 2005).  Accordingly, the Court
strikes all references in count one of the indictment concerning
payments to De Castro-Font predating the Las Vegas trip.
Additionally, defendants' motion in limine to exclude evidence
concerning payments to De Castro-Font, Docket No. 739, is denied
without prejudice to defendants' right to renew their objection to
the admissibility of this evidence at trial.[9]

---

[8] While Federal Rule of Criminal Procedure 7(d) allows courts to strike
immaterial or irrelevant information, Federal Rule of Evidence 403 permits
courts to exclude relevant information "if its probative value is substantially
outweighed by a danger of . . . unfair prejudice."

[9] The government shall not elicit any testimony, or present any evidence
concerning payments to De Castro-Font predating the Las Vegas trip without
seeking leave from the Court.

**B.    References to "Reward" in Counts Four and Five**

Counts four and five include the phrases "influence and reward" and "influenced and reward" in connection with the section 666 charges.   Defendants argue that the Court should strike "reward" from the indictment because this word may prompt the jury to convict on the basis of a gratuity theory, something the First Circuit Court of Appeals has held a jury may not do.  <u>See</u> <u>Fernandez</u>, 722 F.3d 1 (1st Cir. 2013).  Defendants' argument lacks merit.

The language of the indictment tracks the language of the statute that Congress enacted.  In holding that section 666 does not criminalize gratuities, the First Circuit Court of Appeals rejected any notion that the word "reward" encompasses a gratuity. <u>Id</u>. at 25-26 (approving of the proposition that "the word 'reward' does not create a separate gratuity offense in § 666"). Consequently, the Court fails to comprehend how striking the indictment's references to the word "reward" is necessary to ensure that the jury understands what the government must prove to sustain a conviction. The Court agrees with the government's assertion that defendants' concern is more properly addressed through jury instructions.

**III. Conclusion**

For the foregoing reasons, defendants' joint motion to strike surplusage, Docket No. 740, is **GRANTED in part and DENIED in part**.

Moreover, defendants' joint motion *in limine* to exclude testimony, evidence and related argument regarding alleged payments to De Castro-Font, Docket No. 739, is **DENIED without prejudice.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 13, 2017.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE